UNITED STATES  DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BRACCARRIE RAMSEY                                    CIVIL ACTION

VERSUS                                               NO.  15-0967

N. BURL CAIN, WARDEN                                 SECTION "G"(5)

## REPORT AND RECOMMENDATION

This matter was referred to the undersigned United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts.  Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2).  For the following reasons, **IT IS RECOMMENDED** that the petition for *habeas corpus* relief be **DISMISSED WITH PREJUDICE** as untimely.

### I.  Procedural history

Petitioner, Braccarrie Ramsey, is a convicted inmate currently incarcerated at the Louisiana State Penitentiary in Angola, Louisiana.  On April 16, 2007, Ramsey was charged with one count of being a convicted felon in possession of a firearm, one count of possession with intent to distribute marijuana and one count of possession of cocaine.[1]  On December 18, 2009, he entered a plea of guilty to all counts pursuant to *State v. Crosby*, 338 So.2d 584

---

[1] State Rec., Vol. 1 of 8, Bill of Information.

(La.1976).  Ramsey was sentenced to fifteen (15) years imprisonment at hard labor without benefit of probation, parole or suspension of sentence on count one; fifteen (15) years imprisonment at hard labor on count two; and fifteen (15) years imprisonment at hard labor without benefit of probation, parole or suspension of sentence and a $250,000 fine on count three.  That same date, the State filed a multiple bill of information charging him as a second-felony offender as to count two.  He pleaded guilty to the multiple-offender bill.  His original sentence was vacated and he was resentenced to fifteen (15) years imprisonment at hard labor without benefit of probation or suspension of sentence on count two.[2]

On direct appeal, Ramsey raised only one assignment of error:  the trial court erred in granting the State's motion to quash a subpoena duces tecum directed to the Jefferson Parish Sheriff's Office requesting documents relating to the confidential informant associated with the investigation.  The Louisiana Fifth Circuit Court of Appeal affirmed his convictions and sentences on January 25, 2011.[3]  Ramsey did not seek further review of that ruling in the Louisiana Supreme Court.  Ramsey's conviction became final thirty (30) days later, on February 24, 2011, when he did not seek rehearing or file for review in the Louisiana Supreme

---

[2] State Rec., Vol. 1 of 8, Minute Entry, December 18, 2009.  *See also* State Rec., Vol. 4 of 8, Transcript of Sentencing, pp. 14-15.  The trial court later corrected the minute entry, as instructed by the court of appeal, to reflect the imposition of the monetary fine as to count three.  State Rec., Vol. 2 of 8, Minute Entry, June 22, 2011.

[3] *State v. Ramsey*, 10-333 (La. App. 5th Cir. 1/25/11), 60 So.3d 36; State Rec., Vol. 1 of 8, Tab 3.

Court.

On May 9, 2011, Ramsey submitted an application for post–conviction relief to the state district court.[4] In his application, he raised the following claims for relief: (1) his conviction was based on an unconstitutional arrest and illegal seizure of evidence; (2) his conviction was obtained through use of an invalid search warrant gained by illegal actions on the part of narcotics detectives; (3) his conviction was obtained through use of involuntary statements he made to the police in violation of his right against self-incrimination; (4) trial counsel rendered ineffective assistance by failing to zealously represent him and prove that the police violated his right to privacy; and (5) his guilty plea was involuntarily entered based on threats of a more severe sentence and inferior advice of counsel.  On July 7, 2011, the district court denied post-conviction relief, finding claims one through three procedurally barred for failure to pursue them on direct appeal, and claims four and five without merit.[5]  On August 1, 2011,

---

[4] State Rec., Vol. 1 of 8, Tab 4, Uniform Application for Post-Conviction Relief signed May 9, 2011.  Federal *habeas* courts must apply Louisiana's "mailbox rule" when determining the filing date of a Louisiana state court filing, and therefore such a document is considered "filed" as of the moment the prisoner "placed it in the prison mail system." *Causey v. Cain*, 450 F.3d 601, 607 (5th Cir. 2006).  If that date cannot be gleaned from the state court record with respect to the filings in this case, this Court will simply use the signature date of the applications as the filing date, in that the various applications were obviously placed in the mail no earlier than the date they were signed. In those instances where no signature date appears on a document and no other evidence is available, the Court will look to the file-stamp placed on the document by the clerk of court.

[5] State Rec., Vol. 1 of 8, Tab 1, District Court Order denying post-conviction relief signed July 7, 2011.

3

Ramsey filed a supervisory writ application with the Louisiana Fifth Circuit Court of Appeal.[6] On September 29, 2011, the court of appeal granted relief in limited part and remanded the matter to appoint counsel and to conduct an evidentiary hearing to determine whether trial counsel was ineffective for failing to obtain a hearing and a ruling on the motion to suppress the evidence and confession obtained as a result of an alleged illegal stop and detention.[7] Ramsey did not challenge the ruling.  However, the State filed a writ application seeking review of that ruling in the Louisiana Supreme Court.[8]  The Louisiana Supreme Court denied relief on March 23, 2012, without stated reasons.[9]

On May 24, 2013, the trial court held an evidentiary hearing on the matter and denied relief.[10]  On June 17, 2013, Ramsey's counsel filed a notice of intent to seek supervisory writs with the Louisiana Fifth Circuit and subsequently withdrew as counsel of record.[11]  The state district court set a return date of July 24, 2013.  On or about August 8, 2013, Ramsey submitted

---

[6] State Rec., Vol. 5 of 8, Tab 14, Petition for Supervisory Writ and/or Review No. 11-KH-784 (postmarked August 1, 2011).

[7] *State v. Ramsey*, 11-KH-784 (La. App. 5th Cir. 9/29/11); State Rec., Vol. 5 of 8, Tab 14.

[8] State Rec., Vol. 7 of 8, Tab 18.

[9] *State v. Ramsey*, 2011-KP-2389 (La. 3/23/12), 85 So.3d 89; State Rec., Vol. 7 of 8, Tab 17.

[10] State Rec., Vol. 2 of 8, Tab 5, Transcript of Evidentiary Hearing held May 24, 2013, p. 22; *see also* Minute Entry of May 24, 2013 at Tab 12.

[11] State Rec., Vol. 2 of 8, Tab 11.

a motion for extension of the return date with the Louisiana Fifth Circuit.[12]  On September 9,

2013, the court of appeal granted his request and gave him an additional twenty days from the

date of the order, or until September 29, 2013, to file his writ application.[13]  On September 19,

2013, Ramsey submitted his writ application to the Louisiana Fifth Circuit Court of Appeal.[14]

On December 6, 2013, the court of appeal denied relief, stating:

> The panel will not consider the claims presented by relator in this writ
> application as relator has raised issues not properly before this Court, *i.e.*, they
> were not raised at the May 24, 2013 evidentiary hearing.  The issues of the
> initial traffic stop, search of relator, and subsequent search of the residence
> were denied by the trial court on July 7, 2011 and not argued at the evidentiary
> hearing before the trial court on May 24, 2013.
>
> Moreover, the panel finds relator's claim, that the trial court abused its
> discretion by not allowing an in-camera inspection of the documents requested
> in his subpoena duces tecum, was previously addressed by this Court.  *See State
> v. Ramsey*, 10-333 (La. App. 5 Cir. 1/25/11), 60 So.3d 36; *State v. Ramsey*, 09-
> 306 (La. App. 5 Cir. 5/14/09) (unpublished writ opinion), *writ denied*, 09-1289
> (La. 9/25/09), 18 So.3d 75.
>
> We further find relator's claims of ineffective assistance of counsel fail because
> counsel "need not advance *every* argument, regardless of merit, urged by the
> appellant."  *Evitts v. Lucey*, 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed 821 (1985).
> Here, we find that defense counsel not only filed the proper motions, he
> articulated a strategy to suppress the evidence.

---

[12] State Rec., Vol. 2 of 8, Tab 10.

[13] *Id.*, Tab 9.

[14] State Rec., Vol. 6 of 8, Louisiana Fifth Circuit application No. 13-KH-794 (stamped as
filed September 25, 2013, but signed and dated September 19, 2013).

Accordingly, the application is denied.[15]

On January 19, 2014, Ramsey filed a related writ application with the Louisiana Supreme Court.[16]  On October 10, 2014, the Louisiana Supreme Court denied relief without stated reasons.[17]

On March 1, 2015, Ramsey filed his federal application for *habeas corpus* relief.[18] In his petition, Ramsey asserts four grounds for relief:  (1) his conviction was obtained pursuant to an unconstitutional arrest and illegal seizure of evidence; (2) his conviction was obtained

---

[15] *State v. Ramsey*, 13-KH-794 (La. App. 5th Cir. Dec. 6, 2013) (unpublished writ); State Rec., Vol. 2 of 8, Tab 8.  The writ decision bears a certificate of mailing stamp reflecting that it was mailed the same date.  Rec. Doc. 12.

[16] State Rec., Vol. 2 of 8, Tab 7 (letter from Louisiana Supreme Court dated January 31, 2014 advising that the pleading did not bear a postmark, but was received on January 23, 2014 and filed for the record on January 31, 2014); *see also* State Rec., Vol. 8 of 8, Tab 19 (No. 2014-KH-218, Louisiana Supreme Court Application for Remedial and Supervisory Writs signed and dated January 19, 201<u>3</u>). As the State notes, the writ application filing sheet mistakenly references the year "2013," rather than "2014," an obvious typographical error by Ramsey, as it would otherwise inexplicably predate both the evidentiary hearing and the appellate court's ruling of which he complains.  In his Louisiana Supreme Court writ application under a section entitled "procedural history," Ramsey himself identifies the May 2013 evidentiary ruling and December 6, 2013 appellate ruling and expressly requests relief from those judgments.  *Id*.; State Rec., Vol. 8 of 8.

[17] *State ex rel. Ramsey v. State*, 2014-KH-0218 (La. 10/10/14), 150 So.3d 893; State Rec., Vol. 2, Tab 6.

[18]  Rec. Doc. No. 3, Petition. "A prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court."  *Roberts v. Cockrell*, 319 F.3d 690, 691 n.2 (5th Cir. 2003). Ramsey signed and dated the petition March 1, 2015, which is presumed to be the earliest date on which it could have been delivered to prison authorities for mailing.

through use of an invalid search warrant gained by illegal actions on the part of narcotics detectives; (3) his conviction was obtained through use of involuntary statements he made to the police in violation of his right against self-incrimination; and (4) trial counsel rendered ineffective assistance.

The State filed a response in which it argues that the federal application is untimely and that Ramsey has failed to exhaust his remedies in the state courts, thus resulting in procedural default.[19]

## II. Analysis

### A.  *Statute of Limitations*

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, governs the filing date for this action because Ramsey filed his federal *habeas* petition after the AEDPA's effective date.  *Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). The AEDPA generally requires that a petitioner bring his Section 2254 petition within one year of the date on which his underlying criminal judgment becomes final. 28 U.S.C. § 2244(d)(1)(A).[20] As to finality, the United States Fifth Circuit Court of Appeals has explained:

---

[19] Rec. Doc. No. 11, p. 5.

[20]  Title 28 U.S.C. § 2244(d) provides additional grounds, which do not apply here.  28 U.S.C. § 2244(d)(1)(A)-(D).

The statute of limitations for bringing a federal habeas petition challenging a state conviction begins to run on "the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). When a habeas petitioner has pursued relief on direct appeal through his state's highest court, his conviction becomes final ninety days after the highest court's judgment is entered, upon the expiration of time for filing an application for writ of certiorari with the United States Supreme Court. *Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir.2003). However, "[i]f the defendant stops the appeal process before that point," ... "the conviction becomes final when the time for seeking further direct review in the state court expires." *Id.* at 694; *see also Foreman v. Dretke*, 383 F.3d 336, 338 (5th Cir.2004) ( Section 2244(d)(1)(A) gives alternative routes for finalizing a conviction: either direct review is completed or the time to pursue direct review expires).

Although federal, not state, law determines when a judgment is final for federal habeas purposes, a necessary part of the finality inquiry is determining whether the petitioner is still able to seek further direct review. *See Foreman*, 383 F.3d at 338–39. As a result, this court looks to state law in determining how long a prisoner has to file a direct appeal. *See Causey v. Cain*, 450 F.3d 601, 606 (5th Cir.2006); *Roberts*, 319 F.3d at 693.

*Butler v. Cain*, 533 F.3d 314, 317 (5th Cir.2008).

In this case, the Louisiana Fifth Circuit Court of Appeal affirmed Ramsey's convictions and sentences on January 25, 2011. He did not request a rehearing. Under Louisiana law, he then had thirty (30) days to file a writ application with the Louisiana Supreme Court to challenge that judgment. Louisiana Supreme Court Rule X, § 5(a). Because he filed no such application within that deadline, his state criminal judgment became final for purposes of the AEDPA on February 24, 2011. *See Butler*, 533 F.3d at 317-18. Under a plain reading of the statute, Ramsey then had one year within which to file his federal *habeas* petition, or until February 24, 2012. Ramsey did not file his federal *habeas* petition with this Court until March

1, 2015. Thus, his petition must be dismissed as untimely, unless the one-year statute of limitations period was extended through tolling.

### B. Statutory Tolling

The AEDPA tolls the one-year limitations period for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending..." 28 U.S.C. § 2244(d)(2); *see also Pace v. DiGuglielmo*, 544 US. 408, 414 (2005); *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002). After Ramsey's conviction became final on February 24, 2011, he allowed seventy-three (73) days to run before filing his application for post-conviction relief in the state district court on May 9, 2011. The State concedes that the statute of limitations remained tolled throughout the majority of the collateral review process, namely through the state post-conviction proceedings that culminated in the evidentiary hearing held May 24, 2013. At this point, Ramsey's counsel on his behalf filed a notice of intent to seek supervisory writs from the district court's ruling and withdrew from the representation. Ramsey sought and obtained an extension of time from the appellate court, and filed his writ application within the allotted time frame.[21] The court

---

[21] The State concedes that the extension, albeit untimely sought, tolled the one-year limitations period during the time the appellate writ application remained pending. The State comments in a footnote (Rec. Doc. 11, p. 8 n. 4) on the potential loss of an additional 15 days between the time the original return date expired (July 24, 2013) and the time Ramsey filed a motion for an extension of time (August 8, 2013), but does not specifically include these days in its time calculations. Whether or not the 15-day period is counted does not alter the conclusion that the federal petition is untimely.

of appeal denied relief on December 6, 2013.  Under Louisiana Supreme Court Rule X, § 5(a), Ramsey then had a period of thirty (30) days following the mailing of the notice of judgment within which to file his writ application in the Louisiana Supreme Court, or until January 6, 2014.[22]  However, Ramsey did not file his writ application with the Louisiana Supreme Court until January 19, 2014.  Even with the benefit of the state's "mailbox rule," his writ application was untimely.  Because Ramsey did not sign the accompanying "Writ Application Filing Sheet" until January 19, 2014, the application could not have been given to prison authorities for mailing prior to that date.[23]

As the State correctly contends, when the 30-day period for review in the Louisiana Supreme Court expired on January 6, 2014, Ramsey's post-conviction relief application was no longer pending for purposes of the one-year limitations period under the AEDPA.  His untimely application to the Louisiana Supreme Court thereafter on January 19, 2014, did not toll the limitations period because it was filed outside the 30-day period allowed under Rule X, § 5(a) of the Supreme Court Rules. It was therefore not "properly filed" because Louisiana Supreme Court rules expressly prohibit extension of the 30-day period.  *Williams v. Cain*, 217 F.3d 303, 308 (5th Cir. 2000) (finding that petitioner's post-conviction relief application

---

[22] Because the thirtieth day fell on Sunday, January 5, 2014, Ramsey had until the next nonholiday, Monday, January 6, 2014, to file his writ application. La. C.Cr.P. art. 13; *see also* Fed.R.Civ.P. 6(a)(1)(C).

[23] *See* footnote 16, *supra*.

ceased to be "properly filed" for the purpose of tolling the federal limitations period when he

failed to file his application for supervisory writ with the Louisiana Supreme Court within the

thirty-day period); *see also State v. Crandell*, 924 So.2d 122, 124 (La. 2006) (petitioner's late

application for supervisory review would not be considered by Louisiana Supreme Court, and

petitioner's application for rehearing in appellate court did not extend review period when

such application was improper).   Thus, Ramsey may not rely upon the pendency of his

untimely Louisiana Supreme Court writ application to toll the limitations period because that

application was not "properly filed" for purposes of AEDPA tolling. *See Villafranco v. Goodwin*,

14-2329, 2015 WL 1525950, at *3 (E.D. La. Apr. 2, 2015); *Edwards v. Cain*, 13-0757, 2014 WL

3488513, at *4-5 (M.D. La. July 10, 2014).  As Ramsey filed no other state-court applications,

he is not entitled to further statutory tolling.  In fact, he allowed an additional four-hundred

eighteen (418) days to elapse untolled before filing his federal application in this Court on

March 1, 2015.

### C.  Equitable Tolling

The one-year limitations period may be equitably tolled in rare and exceptional

circumstances where a petitioner can establish that he diligently pursued his rights and that

an extraordinary circumstance hampered his ability to file his petition within the one-year

federal limitations period. *Holland v. Florida*, 560 U.S. 631, 649 (2010).  A petitioner bears the

burden of proof to establish entitlement to equitable tolling. *Alexander v. Cockrell*, 294 F.3d

626, 629 (5th Cir.2002). Ramsey has brought forth no evidence demonstrating that he is

entitled to such tolling, and this Court finds no basis to equitably toll the federal limitations period in this case.

### D. Actual Innocence

Finally, actual innocence, if proved, may overcome the expiration of AEDPA's one-year statute of limitations. *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1928, 185 L.Ed.2d 1019 (2013). However, tenable actual innocence claims are rare: "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin*, 133 S.Ct. at 1928 (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). Ramsey advances no argument under *McQuiggin* to excuse his timeliness, and certainly does not make a colorable showing that in light of "new evidence," he is actually innocent of the crimes to which he pleaded guilty.

Accordingly, because the instant petition was filed after the federal limitations period expired and Ramsey has failed to demonstrate that tolling principles render his petition timely, or that he is entitled to review of his claims through the "actual innocence" gateway, his federal *habeas* petition should be dismissed with prejudice as untimely.[24]

---

[24] Having concluded that the petition is untimely, the Court need not address the State's argument pertaining to failure to exhaust and procedural default.

## **RECOMMENDATION**

**IT IS RECOMMENDED** that petitioner's application for federal *habeas corpus* relief be **DISMISSED WITH PREJUDICE** as untimely.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir.1996) (*en banc*).[25]

New Orleans, Louisiana, this __3rd__ day of _____March_____, 2016.

_____
**MICHAEL B. NORTH**
**UNITED STATES MAGISTRATE JUDGE**

---

[25] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.

13